Chief Judge KOZINSKI,
dissenting from the denial of rehearing en banc:
These are some of the threats made after plaintiffs, four non-native Hawaiian children, filed their civil rights suit:
• It’s about time that someone put some pressure on these litigious people and their kids! (online post)
• 4 kids.... will need 10 bodyguards lol (online post)
• Good that the judge ordered them to make these little brats names known to the public, so they can be tormented (online post)
• Sacrifice them!!!!!!!! (online post)
• [If their names were revealed, the Does] would have to watch their backs for the rest of their lives! (online post)
• [E]veryone is going to know who your clients are.... [Y]ou and your haole [white] clients can get the liekins’ you deserve. Why do you fucking haoles even come to Hawaii ... ? (said over the phone to the Does’ attorney)
If threats like that were made against me or my family, I’d be worried. I’d call the U.S. Marshals, as federal judges are repeatedly cautioned to do when targeted by a threat, whether it’s made in person, by mail, by telephone or over the internet. I doubt I’m alone. My guess is that most federal judges, including those who decided this case here and below, would take such threats directed against them seriously; the speakers, if they could be identified, might well be prosecuted. See, e.g., Mark Fass, Blogger Found Guilty of Threatening Judges in Third Federal Trial, N.Y. L.J., Aug. 16, 2010, at 1.
I believe that the federal courts must be safe havens for those who seek to vindicate their rights. No litigant should fear for his safety, or that of his family, as a condition of seeking justice. Sure, if the purported fear is that they will be captured by Martians and served as dinner, that can be dismissed as fanciful. But when there are real statements, oral and written, that suggest or urge physical violence on account of the lawsuit, how can we force parents to the grim choice of abandoning the rights of *1184 their children or exposing them to the risk that they “would have to watch their backs for the rest of their lives!”? I don’t believe that we should have a double standard — one for ourselves and another one for the parties before us — and so have no difficulty concluding that the district court here egregiously abused its discretion when it denied plaintiffs the right to proceed as Does.
Fortunately, the matter is not beyond repair. When the case returns to the district court, I expect that plaintiffs will seek to set aside the dismissal of their claims, perhaps under Fed.R.Civ.P. 60(b), so they can file a complaint that complies with Fed.R.Civ.P. 5.2(a). I’m confident that the district court will grant them such relief; it would be a travesty if it did not. After all, the court is charged with safeguarding the rights of the litigants, and I find it passing strange that the district judge, the magistrate judge and their staffs all overlooked a rule of which they are reminded every time they log into PACER. Indeed, all who log in are required to check a box indicating that they have read, understand and will comply with the following notice:
IMPORTANT NOTICE OF REDACTION RESPONSIBILITY: All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and, in criminal eases, home addresses, in compliance with Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1. This requirement applies to all documents, including attachments.
The failure to bring this rule to the attention of the parties, and advise them of their right and responsibility to abide by it, seems like the kind of oversight the district court would be anxious to set right, perhaps even sua sponte. Plaintiffs should not be denied a chance to vindicate their rights because the court blundered its responsibility to ensure the parties safeguard the identities of minor children, as mandated by Rule 5.2(a).
Setting aside the district court’s judgment and proceeding under Rule 5.2(a) should also be desirable from the perspective of defendant, the Kamehameha Schools. The difficult legal issue that lies at the heart of this dispute was resolved in its favor in our en banc court by the narrowest of margins. Compare Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 470 F.3d 827, 829 (9th Cir.2006) (en banc) (admissions policy giving preference to Native Hawaiians did not violate 42 U.S.C. § 1981), with id. at 857 (Bybee, J., dissenting) (policy “amounts to a classic violation of § 1981”). The issue will remain unsettled until the Supreme Court has had an opportunity to address it. “Liberty finds no refuge in a jurisprudence of doubt,” the Supreme Court famously told us in another context. Planned Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 844, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). The parties here, and defendant in particular, must surely wish that doubt about the legality of the Schools’ admissions policy be laid to rest. I hope and trust that defendant will not oppose — and indeed will support — reinstating plaintiffs’ complaint under the protective umbrella of Rule 5.2(a) so this uncertainty can be resolved once and for all.